## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHELLE SCHONZEIT,

      Plaintiff,

          v.                                Civil Action No. 18-3052 (JEB)

DAVID BERNHARDT, Secretary, U.S.
Department of Interior,

      Defendant.

## MEMORANDUM OPINION

Plaintiff Michelle Schonzeit initially filed this suit in December 2018, principally alleging sex discrimination in the Department of the Interior's decision not to select her for a promotion in the National Park Service. She now seeks to supplement her Complaint with claims relating to three additional NPS refusals to promote her in 2019 and 2020. As her Motion is futile — inasmuch as she has not administratively exhausted any of these new claims — the Court will deny it.

## I.      Background

According to the original Complaint here, Schonzeit is a Chief Ranger of NPS in Philadelphia. See ECF No. 1 (Compl.), ¶ 6. In late 2017, she applied but was not selected for the position of "Regional Chief Ranger of the National Capitol [*sic*] Region." Id., ¶¶ 20, 32. She alleged that this decision violated Title VII, as it was based on her sex and was in retaliation for complaints she had made regarding an earlier non-selection. Id. at 15–20.

After the case was at issue, the Court referred the parties to mediation, which lasted from May 29, 2019, to July 16, 2020. See Minute Order of 5/29/19; ECF No. 20 (Joint Status Report).

On October 23, 2020, Plaintiff moved to amend her Complaint to add three claims based on new allegedly discriminatory hiring decisions, in all of which the agency did not conduct any interviews or select Schonzeit for the position: in November 2019 for Deputy Chief of Operations and Policy; in early 2020 for Branch Chief; and in March 2020 for Traffic Safety Coalition Program Manager.  See ECF No. 25-1 (Motion to Amend) at 4.  Defendant has opposed the Motion, arguing that none of these claims — whether viewed as discriminatory or retaliatory — has been administratively exhausted.  See ECF No. 26 (Response).

## II.   Legal Standard

Although Plaintiff characterizes her pleading as a Motion for Leave to Amend, it is, as Defendant recognizes, really a Motion to Supplement since it encompasses actions that post-date the initial Complaint.  Federal Rule of Civil Procedure 15(d) allows the Court, "[o]n motion and reasonable notice . . . [and] on just terms," to permit a party to serve a supplemental pleading setting forth events that have happened since the filing of its complaint.  See Fed. R. Civ. P. 15(d).  "Rule 15(d) is used to set forth new facts that update the original pleading or provide the basis for additional relief; to put forward new claims or defenses based on events that took place after the original complaint or answer was filed; [and] to include new parties where subsequent events have made it necessary to do so."  United States v. Hicks, 283 F.3d 380, 386 (D.C. Cir. 2002) (citation omitted).  Rule 15(d), like the other Civil Rules, helps "to make pleadings a means to achieve an orderly and fair administration of justice."  Gomez v. Wilson, 477 F.2d 411, 417 n.34 (D.C. Cir. 1973) (quoting Griffin v. County School Bd., 377 U.S. 218, 227 (1964)).  The Rule "promote[s] as complete an adjudication of the dispute between the parties as is possible."  Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1504 (3d ed.).  "It follows that supplementation of pleadings is encouraged when doing so will promote the economic and

speedy disposition of the entire controversy between the parties, will not cause undue delay or

trial inconvenience, and will not prejudice the rights of any of the other parties to the action."

U.S. *ex rel.* Gadbois v. PharMerica Corp., 809 F.3d 1, 4 (1st Cir. 2015) (internal quotation marks

and citation omitted).

      Courts typically resolve motions to supplement under Rule 15(d) and motions to amend

under Rule 15(a) via the same standard.  See, e.g., Banner Health v. Burwell, 55 F. Supp. 3d 1, 8

n.9 (D.D.C. 2014); Wildearth Guardians v. Kempthorne, 592 F. Supp. 2d 18, 23 (D.D.C. 2008).

Typically, courts grant leave to amend or supplement "unless there is a good reason, such as

futility, to the contrary."  Willoughby v. Potomac Elec. Power Co., 100 F.3d 999, 1003 (D.C.

Cir. 1996) (citation omitted); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (noting that

reasons not to permit Rule 15(a) amendment may include "undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, [and] undue prejudice to the opposing party").

**III.    Analysis**

      In opposing Plaintiff's Motion, the Government focuses solely on the defense of futility;

in other words, if these new claims would not survive a motion to dismiss, supplementation

should not be granted.  More specifically, Defendant contends that Schonzeit's failure to exhaust

these new non-selection claims dooms their chance of going forward.

      As this Court several years ago explained:

> Prior to filing a Title VII lawsuit in federal court, individuals must
> timely exhaust the administrative processes established by the
> EEOC.  See 42 U.S.C. § 2000e–16(c); Niskey v. Kelly, 859 F.3d 1,
> 5–6 (D.C. Cir. 2017); Payne v. Salazar, 619 F.3d 56, 65 (D.C. Cir.
> 2010). The purpose of these exhaustion requirements is "'to give
> federal agencies an opportunity to handle matters internally
> whenever possible,' and to impose on employing agencies 'the
> opportunity as well as the responsibility to right any wrong that it

> might have done.'"  Niskey, 859 F.3d at 7 (quoting Brown v. Marsh, 777 F.2d 8, 14 (D.C. Cir. 1985)).
>
> Exhaustion is "an essential element" of Title VII.  Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 384 (2d Cir. 2015) (citation omitted).  If an employee fails to exhaust these administrative processes, a court may dismiss his action under Federal Rule of Civil Procedure 12(b)(6).  Niskey, 859 F.3d at 7–8.

Poole v. U.S. Gov't Publishing Office, 258 F. Supp. 3d 193, 199 (D.D.C. 2017).  To exhaust a claim, "[a]n employee of the federal government who believes he or she has been subject to discrimination is first required to 'initiate contact' with an EEO counselor within forty-five days of the allegedly discriminatory action."  Nguyen v. Mabus, 895 F. Supp. 2d 158, 171 (D.D.C. 2012) (quoting 29 C.F.R. § 1614.105(a)(1)).  Because "[e]ach discriminatory [or retaliatory] act starts a new clock for filing charges alleging that act," moreover, an employee must exhaust administrative remedies for each discrete claim.  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002).

Schonzeit here concedes that she did not timely exhaust her three new claims, see Mot. at 6 ("Plaintiff would concede that no separate administrative claim was filed as to the non-selections that occurred after she filed the instant lawsuit.").  She nonetheless notes that the Supreme Court carved out an exception to the exhaustion requirement in Morgan.  It explained there that where the acts constitute a continuing violation, the employee need not exhaust each successive act.  See 536 U.S. at 117–18.  Morgan, however, concerned a hostile-work-environment claim, and the Court was careful to distinguish those circumstances from discrete acts: "Hostile environment claims are different in kind from discrete acts.  Their very nature involves repeated conduct."  Id. at 115 (citation omitted).  Failure-to-promote claims clearly fall into the latter camp: "Discrete acts such as termination, failure to promote, denial of transfer, or

refusal to hire are easy to identify.  Each incident of discrimination . . . constitutes a separate actionable 'unlawful employment practice,' [which must be exhausted]."  <u>Id.</u> at 114; <u>see also</u> <u>Nessar v. District of Columbia</u>, 962 F. Supp. 2d 234, 239 (D.D.C. 2013) ("Unlike hostile work environments, for example, which may involve continuing violations, failure to promote does not trigger this doctrine.") (citation omitted).

In fact, the very case on which Plaintiff relies says as much.  In <u>Nguyen</u>, a court in this district "construe[d] [the plaintiff's] argument as a reference to the continuing violation theory." 895 F. Supp. 2d at 172.  It then explained that such theory "is restricted to claims akin to hostile work environment claims because those violations — unlike a discrete act such as firing or failing to promote an employee — cannot be said to occur on any particular day."  <u>Id.</u> (citation omitted).  It thus found that all of the plaintiff's non-selection and denial-of-promotion claims were discrete acts that were barred for failure to exhaust.  <u>Id.</u> at 173.  Schonzeit cites a different portion of the opinion that relates to retaliation claims, but, once again, <u>Nguyen</u> makes clear that acts of retaliation must "be of an ongoing and continuous nature," <u>id.</u> at 184 (citations omitted) — <i>i.e.</i>, just as hostile-work-environment claims are — in order to circumvent the exhaustion requirement.  In other words, those are the types of claims that could reasonably fall within the scope of an agency investigation of the original charge.  <u>Id.</u>

As the three discrete non-selections here were of a different breed, they do not fall within the <u>Morgan</u> exception and must be separately exhausted.  As they were not, Plaintiff may not add them to this suit.

**IV.     Conclusion**

For the foregoing reasons, the Court will deny Plaintiff's Motion to Amend her

Complaint.  A separate Order so stating accompanies this Memorandum Opinion.


/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  November 13, 2020